UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDMUND BOWIE,

                          Plaintiff,

v.                                                                                                9:18-CV-0266
                                                                                                  (BKS/ML)

SERGEANT GARY WOODRUFF and
CORRECTIONAL OFFICER KYLE
BROOKS,

                          Defendants.
_____

APPEARANCES:

EDMUND BOWIE
14-B-0838
Plaintiff, *pro se*
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. LETITIA JAMES                      MATTHEW P. REED, ESQ.
Attorney General for the                Assistant Attorney General
State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**MIROSLAV LOVRIC**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff *pro se* Edmund Bowie ("Bowie" or "Plaintiff"), an inmate who was, at all relevant times, in the custody of the New York Department of Corrections and Community

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1

Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Gary Woodruff ("Sgt. Woodruff") and Correctional Officer Kyle Brooks ("C.O. Brooks") for violations of his rights under the Eighth Amendment. Dkt. No. 1 ("Compl."). Presently before the Court is Defendants' motion for summary judgment and dismissal of Bowie's complaint pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. Dkt. No. 29. Bowie did not oppose the motion. For the following reasons, it is recommended that Defendants' motion for summary judgment be granted.

## I. BACKGROUND

### A. Plaintiff's Failure to Respond

Before discussing the background of this case, the Court addresses Bowie's failure to respond or oppose the motion. The Second Circuit requires that a pro se litigant defending against a summary judgment motion be notified as to the nature and consequences of summary judgment. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir.1999); *see also* Local Rule 56.2 (Notice to Pro Se Litigants of the Consequences of Failing to Respond to a Summary Judgment Motion). Here, Bowie was notified of the consequences of failing to respond to a summary judgment motion by Defendants and the Court. Dkt. No. 29 at 3; Dkt. No. 30. Given this notice, Bowie was adequately apprised of the pendency of Defendants' motion and the consequences of failing to respond. On May 21, 2019, Bowie filed a Notice of Change of Address and requested an extension of time to file his response to the motion. Dkt. Nos. 31 and 32. The Court granted the extension and directed Bowie to provide a response on or before June 21, 2019. Dkt. No. 33. Despite the extension, Bowie has not submitted opposition to Defendants' motion for summary judgment.

2

"The fact that there has been no response to a summary judgment motion does not . . . mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). The Court has broad discretion to decide whether to overlook the parties' failures and perform an independent review of the record. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001); *see also Jackson v. Fed. Exp.,* 766 F.3d 189, 194 (2d Cir. 2014) (noting that "the court may rely on other evidence in the record even if uncited" in determining the undisputed material facts). If the district court chooses to conduct such an independent review of the record, any verified complaint filed by the plaintiff should be treated as an affidavit in opposing a motion for summary judgment. *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir.2004).

Here, because the Complaint is verified,[2] the Court will accept the pleading as an affidavit to the extent that the statements are based on Bowie's personal knowledge or are supported by the record. *See Berry v. Marchinkowski*, 137 F.Supp.3d 495, 530 (S.D.N.Y. 2005) (collecting cases to support the proposition that a court may consider unsworn assertions on a motion for summary judgment where they are based on the plaintiff's personal knowledge and in light of special solicitude).

Due to Bowie's pro se status, the Court has opted to review the entire summary judgment record to ascertain the undisputed material facts. Consequently, the facts set forth in Defendants' Rule 7.1 Statement of Material Facts[3] are accepted as true as to those facts

---

[2] The Complaint was properly verified by declaration under 28 U.S.C. § 1746. Compl. at 5; *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65-66 (2d Cir. 1999) (holding that use of the language "under penalty of perjury" substantially complies with 28 U.S.C. §1746).

[3] Local Rule 7.1(a)(3) states:

Summary Judgment Motions

3

that are not disputed by the facts set forth in the Complaint. N.D.N.Y. L.R. 7.1(a)(3) ("The Court shall deem admitted any properly supported facts set forth in the Statement of Facts that the opposing party does not specifically controvert.") (emphasis omitted).

### B. Facts[4]

At the time of the incidents described in the Complaint, Bowie was an inmate in the custody of DOCCS and confined at Great Meadow Correctional Facility ("Great Meadow C.F."). *See generally*, Dkt. No. 1.

Bowie claims that he was involved in a physical altercation with Sgt. Woodruff and C.O. Brooks on June 10, 2017. Dkt. No. 1 at 2-3. Bowie alleges that Sgt. Woodruff and C.O. Brooks used excessive force and failed to intervene to protect him from the use of force, in violation of his Eighth Amendment rights. *Id*. at 4.

---

> Any motion for summary judgment shall contain a Statement of Material Facts. The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorneys' affidavits.
>
> The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute. Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.

Local Rule 7.1(a)(3).

[4] Defendants annexed exhibits to the motion. Dkt. No. 29-3. Plaintiff does not object or challenge the authenticity of the documents. Therefore, the Court will consider the exhibits in the context of the within motion. *See U.S. v. Painting known as Hannibal*, No. 07-CV-1511, 2010 WL 2102484, at *1, n.2 (S.D.N.Y. May 18, 2010) (citing *Daniel v. Unum Provident Corp.*, 261 F. App'x 316, 319 (2d Cir. 2008) ("[A] party is not required to authenticate documents on a summary judgment motion where, as here, authenticity is not challenged by the other party)). In light of the procedural posture of the case, the following recitation is derived from the record now before the Court, with all inferences drawn and ambiguities resolved in non-moving party's favor. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

On June 23, 2017, Bowie filed an Inmate Grievance Complaint (Grievance No. 62268-17) related to the June 10, 2017 incident. Dkt. No. 29-3 at 3, 6. Bowie alleged:

> I was involved in a altercation in the big yard on (6-10-17) at which time I was handcuffed and taken to the facility infirmary. While in the infirmary check up room, Sergeant John Doe asked me questions which I answered. He said I was not trueful [sic] and proceed[ed] to slap me in the back of the head. He asked me some more questions[,] again I answered. He once again told me I was a liar [and] told Officer John Doe to hold me against the wall while another officer punched me in the ribs 4 or 5 times breaking 2 of my ribs which resulted in me going to Albany Med.

Dkt. No. 29-3 at 6.

On July 10, 2017, the Grievance Clerk received the grievance. Dkt. No. 29-3 at 3. Due to the nature of the grievance, the Inmate Grievance Resolution Committee ("IGRC") forwarded the grievance directly to the facility Superintendent for review. *Id*.

On August 9, 2017, the Superintendent issued a decision stating that the grievance was investigated and denied. Dkt. No. 29-3 at 7. On August 21, 2017, Bowie signed the Appeal Statement indicating that he wished to appeal the Superintendent's decision to the Central Office Review Committee ("CORC"). *Id*. On August 23, 2017, the Grievance Clerk received and signed the Appeal Statement. *Id.* On August 29, 2017, CORC received the appeal. *Id.* at 8.

On February 26, 2018, Bowie signed his civil rights Complaint and commenced the within action. Dkt. No. 1 at 5.

On October 17, 2018, CORC issued a decision affirming the Superintendent's determination. Dkt. No. 29-3 at 9.

### C. Procedural History

5

On March 3, 2018, the Court received the Complaint in the within action. Dkt. No. 1. Upon review of the Complaint, the Court directed Defendants to respond to the Eighth Amendment excessive force and failure-to-intervene claims. Dkt. No. 7. On June 25, 2018, Defendants filed an Answer to the Complaint.[5] Dkt. No. 13. On April 26, 2019, Defendants filed the within motion pursuant to Fed. R. Civ. P. 56 seeking judgment as a matter of law with respect to Bowie's claims. Dkt. No. 29.

## II.  LEGAL STANDARD

A motion for summary judgment may be granted if there is no genuine issue as to any material fact, it was supported by affidavits or other suitable evidence, and the moving party is entitled to judgment as a matter of law. The moving party bears the burden of demonstrating the absence of disputed material facts by providing the court with portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 317, 248 (1986).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. Fed. R. Civ. P. 56; *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a

---

[5] In the Answer, Defendants pleaded, *inter alia*, the affirmative defense that Bowie failed to exhaust his administrative remedies. Dkt. No. 13 at ¶ 15.

6

documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997). Furthermore, where, as here, a party seeks judgment against a *pro se* litigant, a court must afford the non-movant special solicitude. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law.

*Id.* (citations and footnote omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–92 (2d Cir. 2008). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

### III. DISCUSSION[6]

Defendants move for summary judgment arguing that Bowie failed to exhaust his administrative remedies through available grievance procedures prior to the commencement of this action. *See generally*, Dkt. No. 29.

### A. Exhaustion

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust any administrative remedies available to him or her before bringing an action for claims arising out of his or her incarceration. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Woodford v. Ngo*, 548 U.S. 81, 82 (2006). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. Further, the exhaustion requirement applies even where the prisoner seeks relief not available in the administrative grievance process, such as monetary damages. *Id*. at 524. To exhaust administrative remedies, the inmate must complete the full administrative review process set forth in the rules applicable to the correctional facility in which he or she is incarcerated. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation omitted).

Here, there is no dispute that at all relevant times, DOCCS had in place a three-step inmate grievance program ("IGP"). N.Y. Comp. Codes R. & Regs. title 7, § 701.5 (2015). First, the inmate must file a complaint with IGP clerk within twenty-one days of the alleged action. *Id*. at § 701.5(a)(1). An IGP representative has sixteen calendar days to informally

---

[6] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to Plaintiff.

8

resolve the issue. *Id*. at § 701.5(b)(1). If no informal resolution occurs, the full IGP committee must hold a hearing within sixteen days of receipt of the grievance and must issue a written decision within two working days after the conclusion of the hearing. *Id*. §§ 701.5(b)(2)(i)-(ii). If the determination is unfavorable to the inmate, the inmate may appeal the IGRC's determination to the facility superintendent within seven calendar days of receipt of the determination. *Id*. § 701.5(c)(1). If the superintendent's determination is unfavorable to the inmate, the inmate may appeal to CORC within seven days after receipt of the superintendent's determination. *Id*. §§ 701.5(d)(1)(i)-(ii). If a grievant does not receive a copy of the written notice of receipt within 45 days of filing an appeal, the grievant should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC. *Id*. at § 701.5(d)(3)(i). CORC must "review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the [inmate], the grievance clerk, the superintendent, and any direct parties within thirty (30) calendar days from the time the appeal was received." *Id*. § 701.5(d)(3)(ii). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F.Supp.2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia, Porter*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter,* 534 U.S. 516.

Where the grievance involves allegations of employee excessive force, as alleged by Bowie, there is an expedited administrative process. *See* N.Y.C.R.R. title 7, § 701.8; *see Torres v. Carry*, 691 F.Supp.2d 366, 369–70 (S.D.N.Y. 2009). Complaints and grievances of this nature are forwarded directly to the superintendent of the facility. *Bell v. Napoli*, No.

9:17-CV-850 (ATB), 2018 WL 6506072, at *2 (N.D.N.Y. Dec. 11, 2018).  In such cases the superintendent is required to order an investigation and render a decision within twenty-five (25) days. *See* N.Y.C.R.R., title 7, § 701(a)-(f).  If the superintendent fails to respond within the required twenty-five (25) day time limit the inmate may appeal his grievance to the CORC.  Disagreement with the superintendent's decision in the expedited review process also requires an appeal to the CORC.  *Id.* § 701.8-(g)-(h); *see also Espinal v. Goord,* 588 F.3d 119,125 (2d Cir. 2009) (explaining IGP and the expedited procedure for harassment claims and its appeal mechanism through the CORC).  The Second Circuit has long recognized this procedure as an "available remedy" for purposes of the PLRA.  *See Hall v. County of Saratoga*, No. 10–CV–1120 (NAM/CFH), 2013 WL 838284, at *1–2 (N.D.N.Y. Mar. 6, 2013).

Defendants bear the burden of establishing that a prisoner failed to satisfy the exhaustion requirement.  *See Jones*, 549 U.S. at 216.

### 1. Did Plaintiff Exhaust his Administrative Remedies?

The record is clear that Bowie filed this action on February 26, 2018, and, at that time, CORC had yet to issue a decision on his grievance.  *See* Dkt. No. 1; Dkt. No. 29-3 at 9. DOCCS IGP Assistant Director Rachael Seguin ("Seguin") declared that she is the custodian of records maintained by CORC.  Dkt. No. 29-3 at 1.  Based upon Seguin's review of DOCCS' records, Bowie filed a grievance on June 23, 2017 claiming he was assaulted at Great Meadow on June 10, 2017.  *Id*. at 3.  Bowie's grievance was received by the IGRC Clerk on July 17, 2017 and denied by the Superintendent on August 9, 2017.  *Id*. at 3-4. Seguin also reviewed CORC records for appeals received from Plaintiff relating to his

10

allegations in this action. *Id*. at 3. Based upon Sequin's review, CORC received Bowie's appeal of the Superintendent's determination on August 29, 2017 and decided the appeal on October 17, 2018 – approximately eight months <u>after</u> Bowie commenced this action. Dkt. No. 29-3 at 4. A copy of Bowie's grievance, the Superintendent's response, documentation of CORC's receipt of Bowie's appeal, and CORC's response are attached to Seguin's Declaration as Exhibit A. *Id*. at 6-9.

Thus, Bowie did not fully exhaust his administrative remedies prior to filing this lawsuit as CORC's decision was outstanding. *White v. Drake*, No. 10-CV-1034 (GTS/DRH), 2011 WL 4478988, at *3 (N.D.N.Y. Aug. 11, 2011) ("Included within the IGP's exhaustion requirement is the prerequisite that the inmate file an appeal with CORC and receive a response from CORC prior to filing a federal lawsuit.") (citation omitted). The fact that Bowie subsequently exhausted his administrative remedies is irrelevant as he was required to properly exhaust before he sued. *See Burgos v. Craig*, 307 Fed. App'x 469, 471 (2d Cir. 2008).

### 2. Availability of Administrative Remedies

Having determined that Bowie failed to exhaust his administrative remedies, the Court examines whether he should be excused from the exhaustion requirement because administrative remedies were unavailable.

A prisoner's failure to exhaust administrative remedies may be excused if remedies were unavailable to the inmate. *Ross*, 136 S.Ct. at 1858 ("An inmate [. . .] must exhaust available remedies, but need not exhaust unavailable ones."). There are three potential circumstances where administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end – with officers unable or consistently unwilling

11

to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Priatno*, 829 F.3d 118, 123-24 (2d Cir. 2016) (quoting *Ross*, 136 S.Ct. at 1858-1861).

Courts within this Circuit are split as to whether a delay by CORC constitutes unavailability that would excuse a plaintiff's failure to exhaust his administrative remedies. *See Hayes v. Dahkle*, No. 9:16-CV-1368 (TJM/CFH), 2018 WL 7356343, at *9 (N.D.N.Y. Dec. 11, 2018) (collecting cases); *but cf. Henderson v. Annucci*, No. 14-CV-445A, 2016 WL 3039687, at *9 (W.D.N.Y. March 14, 2016) (excusing the prisoner's failure to exhaust because, after two years, CORC's decision was still outstanding); *see also High v. Switz*, No. 9:17-CV-1067 (LEK/DJS), 2018 WL 3736794, at *5 (N.D.N.Y. July 9, 2018), *report and recommendation adopted sub nom.*, 2018 WL 3730175 (N.D.N.Y. Aug. 6, 2018) (noting that the Second Circuit has not decided the precise issue set forth herein) (citing *Gizewski v. New York State Dep't of Corr. & Cmty. Supervision*, 692 Fed. App'x 668 (2d Cir. 2017) ). In some instances, Courts in this District have found that a delay by CORC does not excuse a prisoner's failure to exhaust. *See Feliz v. Johnson*, No. 9:17-CV-1294 (DNH/ATB), 2019 WL 3491232, at *1 (N.D.N.Y. Aug. 1, 2019) (citing*, inter alia, Casey v. Brockley*, No. 9:13-CV-01271, 2015 WL 8008728, at *6 (N.D.N.Y. Nov. 9, 2015), *report-recommendation and order adopted by*, 2015 WL 7864161 (N.D.N.Y. Dec. 3, 2015) (finding five month delay by CORC in rendering decision on appeal did not excuse the plaintiff from exhaustion requirement) ); *see also Staples v. Patane*, No. 9:17-CV-0703 (TJM/TWD), 2018 WL

12

7361009, at *9 (N.D.N.Y. Dec. 7, 2018) (concluding that more than ten month delay was insufficient for finding unavailability).

In this case, CORC's records reveal that Bowie's appeal was received on August 29, 2017. Dkt. No. 29-3 at 8. "[P]ursuant to N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(d)(3)(i), '[i]f a grievant does not receive a copy of the written notice of receipt within 45 days of filing an appeal [to CORC], the grievant should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to CORC.' " *Fox v. Lee*, No. 9:15-CV-0390 (TJM/CFH), 2018 WL 8576600, at *7 (N.D.N.Y. Dec. 18, 2018) (citing N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(d)(3)(i) ). The record herein lacks evidence that Bowie received confirmation or notice of the receipt of his appeal.

In *High*, the plaintiff filed an appeal with CORC on February 6, 2017. *High*, 2018 WL 3736794, at *3. "[A]fter not hearing from CORC, [the] [p]laintiff sent CORC a letter asserting that CORC had exceeded the timeline and that he had therefore exhausted his administrative remedies, and would be filing a claim in Court." *Id*. On September 12, 2017, the plaintiff filed his federal complaint. *Id*. In February 2018, CORC issued a decision, one year after the plaintiff filed his appeal to CORC. *High*, 2018 WL 3736794, at *3. The Court noted that "[t]here is no instruction [in the IGP] on what a grievant is to do if he or she has appealed to CORC, the final step, and has not received a response." *High*, 2018 WL 3736794, at *5. In that case, the Court noted that, "under the hopefully unique facts of this case," the failure to exhaust was excused. *Id*. at *5.

Here, CORC should have responded by September 29, 2017. *See* 7 NYCRR §§ 701.5(d)(3)(ii), 701.8(i). A decision however, was not issued until October 17, 2018, more

13

than one year beyond the thirty days required by the IGP. While the Court is troubled by the excessive delay and lack of explanation for said delay by counsel or Seguin, the facts herein are distinguishable from *High* because Bowie has not offered any evidence suggesting that he received written notice that the appeal was filed or that he attempted to contact CORC or the IGRC at Great Meadow C.F. regarding the status of his appeal before commencing this action. Indeed, the Complaint is devoid of any reference to the grievance, the IGP, or Bowie's attempts to exhaust. *See generally*, Dkt. No. 1. Because the facts of this case are similar to those presented in *Staples* and *Fox*, on the record before the Court, the undersigned concludes that CORC's delay in rendering a decision did not excuse Bowie from the exhaustion requirement. *Staples*, 2018 WL 7361009 at *9; *see also Hayes*, 2018 WL 7356343, at *10 ("[. . . ] there is no indication in the record that plaintiff wrote to CORC regarding the status of his appeal and CORC further neglected to respond."); *Fox*, 2018 WL 8576600, at *7 (granting summary judgment because the plaintiff did not proffer evidence that he wrote to the IGRC or CORC inquiring as to the status of his appeals and "never contacted Eastern's [IGP supervisor] in writing . . . to confirm that any of his appeals were filed and transmitted to CORC.")*; see also Ulmer v. Bedore*, No. 9:15-CV-00497 (DNH/TWD), 2018 WL 7291499, at *7 (N.D.N.Y. Nov. 13, 2018) (finding no excuse for failure to fully exhaust without evidence in the record that Plaintiff contacted the IGRC or CORC inquiring as to the status of his appeal before filing his lawsuit); *see also Berkley v. Ware*, No. 9:16-CV-1326 (LEK/CFH), 2018 WL 3736791, at *6 (N.D.N.Y. July 6, 2018) ("Plaintiff has not proffered evidence that he wrote to the Franklin IGRC or CORC inquiring as to the status of his appeal.").

14

Accordingly, it is recommended that Defendants' motion for summary judgment be granted based on Bowie's failure to exhaust his claims. Because "[f]ailure to exhaust administrative remedies is often a temporary, curable procedural flaw," and "[i]f the time permitted for pursuing administrative remedies has not expired, a prisoner. . . can cure the defect by exhausting [the available remedies] and reinstating his suit." *Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2003) (amended 2004) (quoting *Snider v. Melindez*, 199 F.3d 108, 111–12 (2d Cir. 1999) ). In this case, the alleged incidents in the underlying action occurred in 2017 and thus, are still within the applicable statute of limitations.

### III. CONCLUSION

**WHEREFORE**, based on the findings set forth above, it is hereby:

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No. 29) be **GRANTED without prejudice**; and it is further

**RECOMMENDED** that the Complaint be **DISMISSED without prejudice**; and it is further

**ORDERED** that copies of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[7] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)

---

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c).

(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.


DATED: September 20, 2019

      Binghamton, NY

Miroslav Lovric
U.S. Magistrate Judge