UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

EDMUND BOWIE,

                                       Plaintiff,                    9:18-cv-00266 (BKS/ML)

v.

SERGEANT GARY WOODRUFF and CORRECTIONAL
OFFICER KYLE BROOKS,

                                         Defendants.

_____

**Appearances:**

*Plaintiff pro se:*
Edmund Bowie
14-B-0838
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

*For Defendants:*
Letitia James
Attorney General for the State of New York
Richard C. White
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Edmund Bowie, a New York State inmate proceeding pro se, brought this action under 42 U.S.C. § 1983, alleging that Defendants subjected him to excessive force in violation of the Eighth Amendment. (Dkt. No. 1, at 2–3). On April 26, 2019, Defendants moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 29). Plaintiff did not respond to the motion, although he requested and was granted an extension of time to do so. (Dkt. No. 33). This matter was assigned to United States Magistrate Judge

Miroslav Lovric who, on September 20, 2019, issued a Report-Recommendation and Order recommending that Defendants' motion for summary judgment be granted and that Plaintiff's complaint be dismissed without prejudice. (Dkt. No. 35). Magistrate Judge Lovric advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 35, at 15–16). No objections were filed.

For the following reasons, Magistrate Judge Lovric's Report-Recommendation is adopted.

II.     STANDARD OF REVIEW

As no objections to the Report-Recommendation have been filed and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

III.    DISCUSSION

Magistrate Judge Lovric recommended granting Defendants' motion for summary judgment because Plaintiff commenced this action before receiving a decision from the Central Office Review Committee ("CORC") on his appeal. Plaintiff sent his appeal to the CORC on August 21, 2017. (Dkt. No. 29-3, at 7). The CORC received the appeal on August 29, 2017. (*Id.* at 8). The CORC did not, however, decide the appeal within the applicable thirty-day time period. *See* 7 N.Y.C.R.R. § 701.5(d)(3)(ii). Plaintiff commenced this action on March 1, 2018, almost six months after the CORC had received his appeal. (Dkt. No. 1). The CORC denied Plaintiff's appeal on October 17, 2018, almost 14 months after the CORC had received it. (Dkt. No. 29-3, at 9). Magistrate Judge Lovric determined that the CORC's delay in rendering a

decision did not excuse Plaintiff from the exhaustion requirement. (Dkt. No. 35, at 14) (citing *Staples v. Patane*, No. 17-cv-0703, 2018 WL 7361009, 2018 U.S. Dist. LEXIS 207971 (N.D.N.Y. Dec. 7, 2018), *report and recommendation adopted*, No. 17-cv-0703, 2019 WL 757937, 2019 U.S. Dist. LEXIS 26563 (N.D.N.Y. Feb. 20, 2019); *Fox v. Lee*, No. 15-cv-0390, 2018 WL 8576600, 2018 U.S. Dist. LEXIS 213705 (N.D.N.Y. Dec. 18, 2018), *report and recommendation adopted*, No. 15-cv-0390, 2019 WL 1323845, 2019 U.S. Dist. LEXIS 48967 (N.D.N.Y. Mar. 25, 2019)).

There is a split of authority in this Circuit as to whether, under the Supreme Court's decision in *Ross v. Blake*, 136 S. Ct. 1850 (2016) and the Second Circuit's decision *Williams v. Priatano*, 829 F.3d 118 (2d Cir. 2016), this kind of delay by the CORC in issuing a timely decision to a prisoner's grievance renders exhaustion unavailable. *Compare, e.g.*, *Sherwood v. Senecal*, No. 17-cv-00899, 2019 WL 4564881, at *2–4, 2019 U.S. Dist. LEXIS 160295, at *4–8 (N.D.N.Y. Sept. 20, 2019); *Mayandeunas v. Bigelow*, No. 18-cv-1161, 2019 WL 3955484, at *4, 2019 U.S. Dist. LEXIS 142452, at *10–11 (N.D.N.Y. Aug. 22, 2019) (Suddaby, C.J.); *Lovell v. McAuliffe*, No. 18-cv-0685, 2019 WL 4143361, 2019 U.S. Dist. LEXIS 74402 (N.D.N.Y. May 1, 2019), *report and recommendation adopted*, No. 18-cv-0685, 2019 WL 4142593, 2019 U.S. Dist. LEXIS 147890 (N.D.N.Y. Aug. 30, 2019); *Bell v. Napoli*, No. 17-cv-850, 2018 WL 6506072, 2018 U.S. Dist. LEXIS 208503 (N.D.N.Y. Dec. 11, 2018); *Yates v. Smith*, No. 17-cv-1227, 2018 WL 4635715, 2018 U.S. Dist. LEXIS 116276 (N.D.N.Y. July 11, 2018), *report and recommendation adopted*, No. 17-cv-1227, 2018 WL 3727357, 2018 U.S. Dist. LEXIS 131450 (N.D.N.Y. Aug. 6, 2018); *High v. Switz*, No. 17-cv-1067, 2018 WL 3736794, 2018 U.S. Dist. LEXIS 114403 (N.D.N.Y. July 9, 2018), *report and recommendation adopted sub nom. High v. PA Switz*, No. 17-cv-1067, 2018 WL 3730175, 2018 U.S. Dist. LEXIS 131446 (N.D.N.Y. Aug.

6, 2018) *with Staples*, 2018 WL 7361009, 2018 U.S. Dist. LEXIS 207971; *Berkley v. Ware*, No. 16-cv-1326, 2018 WL 3736791, 2018 U.S. Dist. LEXIS 113521 (N.D.N.Y. July 6, 2018), *report and recommendation adopted*, No. 16-cv-1326, 2018 WL 3730173, 2018 U.S. Dist. LEXIS 131445 (N.D.N.Y. Aug. 6, 2018). Although this Court has concluded that this kind of delay by the CORC in responding to a prisoner's appeal renders administrative remedies unavailable under *Ross,* considering the intra-Circuit split on this issue, the Court cannot say that the magistrate judge's determination here rises to the level of clear error. *See Warr v. Liberatore*, No. 13-cv-6508, 2018 WL 3237733, at *5, 2018 U.S. Dist. LEXIS 111126, at *13-14 (W.D.N.Y. July 3, 2018) (explaining, in the context of a motion for reconsideration, that "considering the split in authority . . . defendants have not demonstrated that [district court's decision was] clearly erroneous").

Finally, the Court notes that, because the CORC has now rendered a decision on Plaintiff's grievance, (Dkt No. 29-3, at 9), his administrative remedies are now exhausted. Plaintiff is therefore free to reinstitute his lawsuit, which is dismissed without prejudice. (Dkt. No. 35, at 15). *See Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2004) (noting that where a plaintiff fails to exhaust administrative remedies, and the defect can be cured, dismissal without prejudice is proper)[1]

IV. CONCLUSION

For these reasons, it is

ORDERED that the Report-Recommendation (Dkt. No. 35) is **ADOPTED**; and it is further

---

[1] The Court notes that Plaintiff has ample time to do so because the statute of limitations on Plaintiff's claim tolled for the duration of the mandatory administrative exhaustion process—that is, his limitations period tolled from the time Plaintiff initiated his grievance process on June 23, 2017 until the CORC issued its final decision on October 17, 2018. (Dkt. No 29-3, at 3, 9). *Gonzalez v. Hasty*, 651 F.3d 318, 323–24 (2d Cir. 2011) ("[W]e join our sister circuits and hold 'that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.'" (quoting *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005))).

4

ORDERED that Defendants' motion for summary judgment (Dkt. No. 29) is **GRANTED**; and it is further

ORDERED that the complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

ORDERED that the Clerk is directed to close this case; and it is further

ORDERED that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: October 23, 2019
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge